IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ATHENS DIVISION

FANTASTIC SAMS SALONS           *
CORPORATION,
                                *
        Plaintiff,
                                *
vs.                                        CASE NO. 3:11-CV-22 (CDL)
                                *
MAXIE ENTERPRISES, INC. and
PAUL RUBIN,                     *

        Defendants.            *

_____

O R D E R

Plaintiff Fantastic Sams Salon Corporation ("Fantastic Sams") brought this action against its former hair salon franchisees, Defendants Maxie Enterprises, Inc. and Paul Rubin (collectively, "Defendants"), alleging trade dress infringement and breach of contract. The breach of contract claim is based in part on Defendants' continued operation of a hair salon at the location of the Fantastic Sams franchise, in violation of the franchise agreement's restrictive covenants. Defendants contend that the restrictive covenants are invalid, and they seek partial summary judgment on that basis. Defendants also seek an order compelling Fantastic Sams to respond to certain discovery requests. For the reasons set forth below, Defendants' Motion for Partial Summary Judgment (ECF No. 22) is granted, and Defendants' Motion to Compel (ECF No. 23) is denied

as moot.    The Court will permit Defendants to engage in
additional discovery for sixty days from the date of this Order
and will award Defendants the attorney's fees they incurred in
connection with their motion to compel unless Fantastic Sams
shows cause why the Court should not do so.

DEFENDANTS' MOTION FOR PARTIAL SUMMARY JUDGMENT

### I.    Summary Judgment Standard

Summary judgment may be granted only "if the movant shows
that there is no genuine dispute as to any material fact and the
movant is entitled to judgment as a matter of law."    Fed. R.
Civ. P. 56(a).    In determining whether a *genuine* dispute of
*material* fact exists to defeat a motion for summary judgment,
the evidence is viewed in the light most favorable to the party
opposing summary judgment, drawing all justifiable inferences in
the opposing party's favor.    *Anderson v. Liberty Lobby, Inc.*, 477
U.S. 242, 255 (1986).    A fact is *material* if it is relevant or
necessary to the outcome of the suit.    *Id.* at 248.    A factual
dispute is *genuine* if the evidence would allow a reasonable jury
to return a verdict for the nonmoving party.    *Id.*

### II.  Factual Background

The following facts are undisputed for purposes of summary
judgment.    On November 24, 2008, Fantastic Sams and Maxie
Enterprises entered into a franchise agreement ("Agreement").
Under that Agreement, Fantastic Sams granted Maxie Enterprises

the right to operate a Fantastic Sams salon. Under the Agreement, unless the Agreement was terminated, the Agreement was to continue in full force and effect for either ten years from the date on which the salon opened for business or eleven years from the date of the Agreement, whichever was earlier. Defendants opened their Fantastic Sams salon at 1431 Capital Avenue in Watkinsville, Georgia in January 2009, so the Agreement was to be in effect until January 2019.

The Agreement contains a two-part restrictive covenant, under which Defendants agreed:

> 12(d)(9) To refrain, for a period of two (2) years from the effective date of expiration or termination of this Agreement, from directly or indirectly participating as an owner, partner, member, director, officer, employee, consultant, lender or agent, or serve in any other capacity in any business engaged in the sale or rental of products or services the same as or similar to those of the Fantastic Sams System, within a five (5) mile radius of the Fantastic Sams Salon operated pursuant to this Agreement; [and]

> 12(d)(10) To refrain from directly or indirectly participating as an owner, partner, member, director, officer, employee, consultant, lender or agent, or serve any other capacity in any business engaged in the sale or rental of products or services the same as or similar to those of the Fantastic Sams System, within a two and one-half (2 1/2) mile radius of any Fantastic Sams Salon, for the greater of (a) the remainder of the unexpired term of this Agreement had this Agreement not been terminated, or (b) a period of two (2) years from the actual date of expiration or termination.

Pl.'s Statement of Material Facts, Attach. to Ex. B, Salon License Agreement 19 ¶ 12(d)(9)-(10), ECF No. 30 at 40 of 49

[hereinafter Salon License Agreement].   The Agreement also contains the following severability clause:

> If any article, section, part, term, sentence or provision of this Agreement (including, without limitation, each of the separate parts of Section 12(d)) is determined to be invalid for whatever reason, all of the remaining articles, sections, parts, terms, sentences and provisions of this Agreement will remain in full force and effect as if the invalid item were deemed not to be a part of this Agreement.

*Id.* at 23 ¶ 17(a), ECF No. 30 at 44 of 49.

Maxie Enterprises operated the Fantastic Sams salon in Watkinsville until November 2010.   On November 2, 2010, Maxie Enterprises notified Fantastic Sams that it was no longer operating the salon as a Fantastic Sams salon, and Fantastic Sams deemed the Agreement to be terminated as of that date.

## III. Discussion

Defendants filed a counterclaim asking that the Court declare the restrictive covenant in the Agreement to be invalid. Answer & Countercl. 12 ¶¶ 7-9, ECF No. 9.   Defendants now seek summary judgment on their counterclaim, contending that the restrictive covenant is unreasonable as to time, territory and scope and is therefore unenforceable under Georgia law.

As discussed above, the covenants in the Agreement generally provide that Defendants are prohibited from (1) competing within five miles of the franchise location for two years and (2) competing within 2.5 miles of any Fantastic Sams

Salon until January 2019.  Fantastic Sams appears to concede that the second part of the restrictive covenant—Paragraph 12(d)(10)—is unenforceable under Georgia law.  Fantastic Sams asserts that the first part of the restrictive covenant—Paragraph 12(d)(9)—is enforceable and that it can be separated from Paragraph 12(d)(10) under the Agreement's severability clause.

The Court need not determine whether Paragraph 12(d)(10) can be severed from Paragraph 12(d)(9) because even if it were severable, the restrictions contained in Paragraph 12(d)(9) would still be unenforceable.  Under Georgia law applicable to the Agreement at issue here, restrictive covenants in franchise agreements are subject to strict scrutiny, and they "must be reasonable as to time, territory and scope."[1]  *Atlanta Bread Co. Int'l v. Lupton-Smith*, 285 Ga. 587, 589-90, 679 S.E.2d 722, 723 (2009).  Even though the time (two years) and territory (five mile radius) restrictions are likely reasonable, *see Watson v.*

---

[1] In 2010, the Georgia Constitution was amended to change Georgia's rules regarding "blue penciling."  Under the new law, the courts may now modify a restrictive covenant that is otherwise void and unenforceable.  O.C.G.A. § 13-8-53(d); 13-8-54.  The new law only applies to contracts entered into on or after the effective date, November 2, 2010.  *E.g.,* O.C.G.A. § 13-8-54, historical & statutory notes (citing Ga. Laws 2009, Act 64 § 4).  The parties entered the Agreement at issue in this action on November 24, 2008, so the law as it existed prior to November 2, 2010 applies in this case.  Under that law, a franchise agreement "cannot be blue-penciled if found to be unreasonable as to time, territory or scope."  *Atlanta Bread Co. Int'l v. Lupton-Smith*, 285 Ga. 587, 591, 679 S.E.2d 722, 725 (2009).

*Waffle House, Inc.*, 253 Ga. 671, 672, 324 S.E.2d 175, 178 (1985), the scope restriction is not.

The restrictive covenant in the Agreement broadly restricts Defendants, including Paul Rubin himself, from "directly or indirectly participating as an owner, partner, member, director, officer, employee, consultant, lender or agent, *or serve any other capacity* in any business engaged in the sale or rental of products or services the same as or similar to those of the Fantastic Sams System." Salon License Agreement 19 ¶ 12(d)(9), ECF 40 of 49 (emphasis added). "The Georgia Supreme Court has made clear that a covenant that restricts a former franchisee from employment in a competing business 'in any capacity' is overbroad and will not be enforced." *Gandolfo's Deli Boys, LLC v. Holman*, 490 F. Supp. 2d 1353, 1359 (N.D. Ga. 2007); *accord Fields v. Rainbow Int'l Carpet Dyeing & Cleaning Co.*, 259 Ga. 375, 375, 380 S.E.2d 693, 693 (1989) (finding unenforceable restrictive covenant that prohibited owner and manager of franchise from "working for a competitor in any capacity"); *see also Howard Schultz & Assocs. of the Se., Inc. v. Broniec*, 239 Ga. 181, 184, 236 S.E.2d 265, 268 (1977) (noting that restrictive covenant is unreasonable where the employee agrees not to accept employment with a competitor "in any capacity"). The Georgia Supreme Court has also disapproved of restrictive covenants "where the nature of the business activities in which

6

the employee is forbidden to engage is not specified with particularity" and instead simply states that the employee shall "not engage in or be employed by any 'business similar to employer's business.'"[2]   *Howard Schultz & Assocs.*, 239 Ga. at 184-85, 236 S.E.2d at 268.

Fantastic Sams points out that the Georgia Supreme Court has upheld a restrictive covenant providing that the franchisees could not compete with the franchisor restaurant company "by engaging in the restaurant or fast food business within a five-mile radius for a period of two years." *Watson*, 253 Ga. at 671, 324 S.E.2d at 176.   In *Watson*, there was evidence that the business of the franchisor was "such that the [franchisees] were its heart and soul" and "[t]heir participation involved every facet of the business and they gained knowledge which the [franchisor] has a reasonable stake in protecting." *Id.* at 672, 324 S.E.2d at 178.   For these reasons, the court found that "a prohibition against engaging in the restaurant or fast food business in such a narrow area for so short a time" was not unreasonable.   *Id.*   In this case, Fantastic Sams has not presented evidence that Rubin was the "heart and soul" of the business or that his participation involved "every facet of the business."   Therefore, the Court cannot find that *Watson* is

---

[2] For purposes of analyzing restrictive covenants, Georgia considers franchise agreements to be analogous to employment contracts. *Watson*, 253 Ga. at 672, 324 S.E.2d at 177.

controlling here; under the rules articulated by the Georgia Supreme Court in *Fields* and *Howard Schultz & Associates*, the Court concludes that the restrictive covenant at issue here is unenforceable due to its unreasonable scope restriction. *Fields*, 259 Ga. at 375, 380 S.E.2d at 693; *Howard Schultz & Assocs.*, 239 Ga. at 184-85, 236 S.E.2d at 268. Defendants' motion for partial summary judgment is therefore granted.

DEFENDANTS' MOTION TO COMPEL

Defendants filed a motion to compel Fantastic Sams to respond to certain discovery requests. Defendants also ask that they be given additional time to complete discovery following "proper discovery responses" from Fantastic Sams. Finally, Defendants request attorney's fees incurred in connection with the motion to compel. The Court addresses each issue in turn.

**I.   Defendants' Motion to Compel**

Defendants first contend that Fantastic Sams did not verify its interrogatory responses. After Defendants filed their motion to compel and after the close of discovery, Fantastic Sams did verify the interrogatory responses. Accordingly, this issue is now moot.

Defendants also claim that Fantastic Sams did not sufficiently respond to Interrogatories 5, 6 and 7. Interrogatory 5 asks Fantastic Sams to state the facts on which its allegations regarding Defendants' continued use of

confidential and proprietary information regarding the Fantastic Sams system, including which confidential and proprietary information was used and the dates Defendants allegedly used it. Defs.' Mot. to Compel Ex. A, Pl.'s Resp. to Defs.' 1st Interrogs. 4, ECF No. 23-1 [hereinafter Pl.'s Resp. to Defs.' 1st Interrogs.]. Fantastic Sams responded that Defendants used the "haircutting style learned through the Fantastic Sams system" and "the basic information provided in the Fantastic Sams proprietary training manual materials." *Id.* at 5. In its supplemental response, which was served after Defendants filed their motion to compel and after the close of discovery, Fantastic Sams stated that the specific proprietary items used by Defendants "include the Fantastic Sams Operations Manual, the Fantastic Sams Human Resources Manual, and the Salon Fundamentals Manual," which "include a variety of specific sections covering operations, training, marketing, cash flow and P&L Management as well as information on proprietary Fantastic Sams product line items." Defs.' Reply in Supp. of Mot. to Compel Attach. 2, Pl.'s Supplemental Resp. to Defs.' 1st Interrogs. 2, ECF No. 33-2 [hereinafter Pl.'s Supplemental Resp. to Defs.' 1st Interrogs.]. Fantastic Sams also responded that these manuals were in Defendants' salon on December 7, 2010. *Id.* The Court finds that these responses to Interrogatory 5 are sufficient to put Defendants on notice of Fantastic Sams'

contentions, and the Court declines to compel further interrogatory responses to Interrogatory 5. However, given that Fantastic Sams did not supplement its interrogatory responses until after the close of discovery and that Defendants therefore had no opportunity to ask questions about the supplemental interrogatory responses during a deposition of a Fantastic Sams representative, the Court will permit Defendants to engage in additional discovery for sixty days from the date of this Order.

Interrogatory 6 asks Fantastic Sams to state the facts in support of its allegation that Defendants are hampering its efforts to develop new salons, including Fantastic Sams' specific efforts to develop new salons. Pl.'s Resp. to Defs.' 1st Interrogs. 5. Fantastic Sams responded that Defendants "have continued to occupy the specific location and to operate a hair salon business at that location." *Id.* In its supplemental response, which was served after Defendants filed their motion to compel and after the close of discovery, Fantastic Sams stated that its efforts "to develop new salons in or near the Defendants' salon includes the Fantastic Sams website, the networking/development functions attended by Ben Smith . . . and multiple other networking/development based meetings and events attended by [Fantastic Sams] sales personnel." Pl.'s Supplemental Resp. to Defs.' 1st Interrogs. 3. Fantastic Sams also stated that the "very existence at that location of the now

independent salon has hindered the efforts and ability of [Fantastic Sams] to be able to market that specific area." *Id.* The Court finds that these responses to Interrogatory 6 are sufficient to put Defendants on notice of Fantastic Sams' contentions, and the Court declines to compel further interrogatory responses to Interrogatory 6.

Interrogatory 7 asks Fantastic Sams to give an account of "all damages, losses and expenses" it claims to have suffered as a result of Defendants' actions. Pl.'s Resp. to Defs.' 1st Interrogs. 5. Fantastic Sams initially responded that it had not yet completed an itemization of its damages but that its damages included amounts provided in the license agreement upon termination, as well as legal fees and expenses Fantastic Sams incurred "in dealing with this termination situation." *Id.* at 6. In its supplemental response, which was served after Defendants filed their motion to compel and after the close of discovery, Fantastic Sams referred Defendants to an invoice dated December 3, 2010, as well as a document entitled Rubin Salon No. 11008 Prospective Fees and a document containing legal fees and expenses. The Court finds that these responses to Interrogatory 7 are sufficient to put Defendants on notice of Fantastic Sams' contentions, and the Court declines to compel further interrogatory responses to Interrogatory 7.

11

Defendants further contend that Fantastic Sams did not sufficiently respond to their document requests.  In response to Defendants' motion to compel, Fantastic Sams represented that it had provided the requested documents.  In their reply in support of the motion to compel, Defendants did not dispute that Fantastic Sams had provided the requested documents, and Defendants also did not point to any documents that have not yet been produced.  Accordingly, this issue is now moot.

## II.  Defendants' Request for Additional Discovery

Again, given that Fantastic Sams did not supplement its interrogatory responses until after the close of discovery and that Defendants therefore had no opportunity to ask questions about the supplemental interrogatory responses during a deposition of a Fantastic Sams representative, the Court will permit Defendants to engage in additional discovery for sixty days from the date of this Order.

## III. Defendants' Request for Attorney's Fees

Defendants filed their motion to compel after attempting to confer with counsel for Fantastic Sams to obtain complete discovery responses without court action.  Though Fantastic Sams appears to assert that its original interrogatory responses were complete, the Court disagrees.  Fantastic Sams did not provide verified interrogatory responses or complete interrogatory responses until after Defendants filed their motion to compel

and after the close of discovery.  Under Federal Rule of Civil Procedure 37(a)(5)(A), if "requested discovery is provided" after a motion to compel is filed, "the court must, after giving an opportunity to be heard, require the party . . . whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees."  Fed. R. Civ. P. 37(a)(5)(A).  Based on this rule, the Court must award Defendants the attorney's fees they incurred in connection with their motion to compel unless Fantastic Sams shows cause why the Court should not do so.[3]

Should Fantastic Sams wish to challenge the imposition of attorney's fees in connection with the motion to compel, it must file a brief (not to exceed ten pages) on or before February 7, 2012.  Defendants may file a response (not to exceed ten pages) on or before February 14, 2012.  There shall be no reply.

CONCLUSION

As discussed above, Defendants' Motion for Partial Summary Judgment (ECF No. 22) is granted, and Defendants' Motion to Compel (ECF No. 23) is denied as moot.  The Court will permit Defendants to engage in additional discovery for sixty days from

---

[3] Defendants' attorney represents that he has been practicing law since 1996 and that his hourly rate is $280 per hour.  Defs.' Reply in Supp. of Mot. to Compel Attach. 8, Shipe Decl. ¶ 2, ECF No. 33-8. Defendants' attorney also represents that he spent 9.5 hours in connection with the motion to compel.  *Id.* ¶ 3.

the date of this Order and will award Defendants the attorney's fees they incurred in connection with their motion to compel unless Fantastic Sams shows cause why the Court should not do so.

IT IS SO ORDERED, this 24th day of January, 2012.

S/Clay D. Land
_____
CLAY D. LAND
UNITED STATES DISTRICT JUDGE