IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ATHENS DIVISION

| | |
|---|---|
| FANTASTIC SAMS SALONS CORPORATION, | * |
| | * |
| Plaintiff, | |
| | * |
| vs. | CASE NO. 3:11-CV-22 (CDL) |
| | * |
| MAXIE ENTERPRISES, INC. and PAUL RUBIN, | * |
| | |
| Defendants. | * |

O R D E R

Defendants Maxie Enterprises, Inc. and Paul Rubin (collectively, "Defendants") filed a motion to compel Plaintiff Fantastic Sams Salons Corporation ("Fantastic Sams") to provide adequate discovery responses (ECF No. 23). After Defendants filed their motion to compel and after the close of discovery, Fantastic Sams provided discovery responses that the Court found to be adequate. *Fantastic Sams Salons Corp. v. Maxie Enters., Inc.*, No. 3:11-CV-22 (CDL), 2012 WL 210889, at *4-*5 (M.D. Ga. Jan. 24, 2012). The Court noted that under Federal Rule of Civil Procedure 37(a)(5)(A), "if 'requested discovery is provided' after a motion to compel is filed, 'the court must, after giving an opportunity to be heard, require the party . . . whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable

expenses incurred in making the motion, including attorney's fees.'" *Id.* at *5 (quoting Fed. R. Civ. P. 37(a)(5)(A)). Because Fantastic Sams did not provide adequate discovery responses to Defendants until after Defendants filed their motion to compel and after the close of discovery, the Court concluded that it must award Defendants the attorney's fees they incurred in connection with their motion to compel unless Fantastic Sams could show cause why the Court should not do so.

The Court gave Fantastic Sams until February 7, 2012 to challenge the imposition of attorney's fees. Fantastic Sams did not challenge the imposition of attorney's fees, and the Court finds no reason why it should not now impose attorney's fees in accordance with Federal Rule of Civil Procedure 37(a)(5)(A).

Defendants' attorney represents that he has been practicing law since 1996 and that his hourly rate is $280 per hour. Defs.' Reply in Supp. of Mot. to Compel Attach. 8, Shipe Decl. ¶ 2, ECF No. 33-8. Defendants' attorney also represents that $280 is a reasonable hourly rate for an attorney of his training and experience. *Id.* Fantastic Sams has not challenged this hourly rate, and the Court finds that it is reasonable.

Defendants' attorney also represents that he spent 9.5 hours in connection with the motion to compel. *Id.* ¶ 3. Defendants' attorney spent 2.4 hours preparing and filing the motion to compel and 1.4 hours reviewing the response brief of

2

Fantastic Sams and beginning to prepare a reply brief.  *Id.*  The Court finds that this time is reasonable.  Defendants' attorney also spent 5.7 hours preparing, finalizing and filing the reply brief.  *Id.*  Defendants' reply brief focused in large part on Defendants' argument that the supplemental discovery responses of Fantastic Sams were not adequate.  The Court found, however, that the supplemental responses were adequate and declined to order further responses.  *Fantastic Sams*, 2012 WL 210889, at *4-*5.  Therefore, the Court concludes that Defendants' "reasonable expenses in making the motion" do not include all 5.7 hours counsel spent on the reply brief.  The Court finds that it would have been reasonable for counsel to spend 2.0 hours preparing, finalizing and filing the reply brief.  The Court therefore concludes that, in total, Defendants' attorney reasonably spent 5.8 hours on the motion to compel.  Accordingly, the Court awards Defendants attorney's fees in the amount of $1624.00.

    IT IS SO ORDERED, this 10th day of February, 2012.

                                     S/Clay D. Land
                                        CLAY D. LAND
                              UNITED STATES DISTRICT JUDGE