```
              IN THE UNITED STATES DISTRICT COURT
              FOR THE MIDDLE DISTRICT OF GEORGIA
                        ATHENS DIVISION
```

FANTASTIC SAMS SALONS           *
CORPORATION,
                                *
    Plaintiff,
                                *
vs.                                     CASE NO. 3:11-CV-22 (CDL)
                                *
MAXIE ENTERPRISES INC. and
PAUL RUBIN,                     *

    Defendants.                *

<u>O R D E R</u>

    This is a breach of contract action brought by Fantastic Sams Salons Corporation ("Fantastic Sams") against its former franchisees Maxie Enterprises Inc. ("Maxie") and Paul Rubin ("Rubin") (collectively, "Defendants"). Fantastic Sams contends that Defendants breached the parties' Salon License Agreement ("License Agreement") when Defendants "de-identified" from the Fantastic Sams brand and stopped paying royalties and fees due under the License Agreement.

    The Court held a bench trial on April 30, 2012. Defendants do not dispute that they breached the license agreement, but they do dispute the amount of damages. After considering the evidence presented at trial, the Court finds in favor of Fantastic Sams. The Court makes the following findings of fact and conclusions of law.

FINDINGS OF FACT

At trial, the Court heard testimony and received evidence from Benton Smith, a regional director for Fantastic Sams. After considering the evidence presented, the Court finds that the following facts have been proven by a preponderance of the evidence:

1. Fantastic Sams is a value priced hair salon chain.
2. On November 24, 2008, Fantastic Sams and Defendants, along with Becky Wentworth, entered the License Agreement.
3. Rubin executed a personal guaranty in connection with the License Agreement.
4. Under the License Agreement, Maxie was licensed to operate a Fantastic Sams salon at 1431 Capital Avenue, Watkinsville, Georgia ("Franchise Location").
5. The License Agreement had a term of ten years from the opening of the salon or eleven years from the date the License Agreement was entered into, whichever was earlier.
6. Under the License Agreement, Maxie was required to pay Fantastic Sams a weekly royalty and a weekly advertising fee during the term of the license agreement. The terms of the royalties and advertising fees were set out in the License Agreement.
7. Fantastic Sams performed the obligations that were required of it under the License Agreement.

2

8. Maxie's Fantastic Sams salon opened in March 2009. Maxie operated a Fantastic Sams salon at the Franchise Location from March 2009 to November 2, 2010.

9. On November 2, 2010, Rubin told Fantastic Sams that Maxie was no longer operating the salon as a Fantastic Sams salon and that Maxie had begun operating its own independent hair salon at the Franchise Location.

10. As of November 2, 2010, Defendants were in arrears on royalties and advertising fees. Defendants have not paid any royalties or advertising fees since November 2, 2010.

11. Rubin admitted to Fantastic Sams that he knew that Maxie breached the License Agreement when Maxie stopped operating the salon as a Fantastic Sams, began operating an independent hair salon at the Franchise Location and stopped paying royalties and advertising fees to Fantastic Sams.

12. Fantastic Sams made efforts to seek a purchaser for the salon at the Franchise Location, and Fantastic Sams also sought to market the geographical area to potential franchisees.

13. Fantastic Sams incurred $166,106.62 in damages. This amount includes past damages, which consists of the contractual royalty fee, adjusted pursuant to the License Agreement, and the national advertising fund fee through

April 20, 2012. This amount also includes future damages calculated based on the contractual royalty fee as of April 23, 2012 and the national advertising fund fee for the period of time between April 21, 2012 and March 30, 2018. The future damages were reduced to present value based on Georgia's statutory discount rate of five percent. *See* O.C.G.A. § 51-12-13.[1]

14. Both Fantastic Sams and Defendants have incurred reasonable and necessary attorney's fees in this matter, and both sides have prevailed on various portions of the litigation. The parties have stipulated that the evidence on attorney's fees shows that the net balance of attorney's fees owed by each party to the other results in a net award to Fantastic Sams of $21,000.00 in attorney's fees.

CONCLUSIONS OF LAW

1. The License Agreement had a term of ten years from the opening of the salon or eleven years from the date the License Agreement was entered into, whichever was earlier. Given that Defendants opened the salon at the Franchise

---

[1] Fantastic Sams calculated its future damages as $125,449.04. Fantastic Sams correctly calculated the present value of the fees due for 2012-13, 2013-14, 2014-15, 2015-16 and 2016-17 as being $103,910.04. Fantastic Sams incorrectly calculated the present value of the fees due for 2017-18 as $21,539.00. That is the present value assuming the $22,615.95 fee is due in 2013; the correct discounted value for the $22,615.95 fee due in 2018 is $16,876.37.

4

Location in March 2009, the term of the License Agreement was from March 2009 to March 2019.

2. Pursuant to the terms of the License Agreement, the License Agreement was terminated when Maxie ceased operating the salon as a Fantastic Sams salon and began operating its own independent hair salon at the Franchise Location.

3. Defendants breached the License Agreement when Maxie stopped operating the salon as a Fantastic Sams, began operating an independent hair salon at the Franchise Location and stopped paying royalties and advertising fees to Fantastic Sams.

4. Fantastic Sams incurred damages in the amount of $166,106.62 as a direct result of the breach of contract by Defendants. The damages include past damages, as well as future damages reduced to present value pursuant to O.C.G.A. § 51-12-13.

5. Fantastic Sams made reasonable efforts to mitigate its damages by seeking a purchaser for the Franchise Location in coordination with Defendants and by seeking to market the geographical area to potential franchisees.

6. Fantastic Sams is entitled to an award of $21,000.00 in attorney's fees under the terms of the License Agreement.

CONCLUSION

For the reasons set forth above, the Court finds in favor of Fantastic Sams on its breach of contract claim. The Court awards Fantastic Sams damages in the amount of $166,106.62. The Court also awards Fantastic Sams attorney's fees in the amount of $21,000.00. The Clerk shall therefore enter judgment in favor of Fantastic Sams and against Defendants, jointly and individually, in the total amount of $187,106.62. Fantastic Sams may also recover its costs.

IT IS SO ORDERED, this 21st day of June, 2012.

S/Clay D. Land
CLAY D. LAND
UNITED STATES DISTRICT JUDGE